The Honorable Brent Davis Prosecuting Attorney Second Judicial District 317 West Hale P.O. Box 686 Osceola, Arkansas 72370
Dear Mr. Davis:
This is in response to Deputy Prosecuting Attorney Catherine P. Dean's request for an opinion on three questions regarding A.C.A. § 27-16-303, which involves the punishment for driving with a cancelled, suspended or revoked driver's license or "privilege." Your three questions are as follows:
 1. Does A.C.A. § 27-16-303 impose a mandatory two (2) day jail sentence for any and all drivers convicted of operating a motor vehicle upon the highways of this state, while such license or privilege is cancelled, suspended, or revoked?
2. Does A.C.A. § 27-16-303 apply only to nonresidents?
 3. If A.C.A. § 27-16-303 were applied only to nonresidents, would that statute be unconstitutional, i.e., violative of equal protection or the commerce clause?
RESPONSE
In my opinion A.C.A. § 27-16-303 does require a mandatory minimum two-day jail sentence for drivers convicted of violating the "Uniform Motor Vehicle Driver's License Act." See Act 280 of 1937, as amended. That act is codified over a number of sections in Title 27, Chapter 16. In response to your second question, in my opinion A.C.A. § 27-16-303
applies to residents and nonresidents alike. A response to your third question is therefore unnecessary.
Question 1 — Does A.C.A. § 27-16-303 impose a mandatory two-day jailsentence for any and all drivers convicted of operating a motor vehicleupon the highways of this state, while such license or privilege iscancelled, suspended, or revoked?
The statute you reference, A.C.A. § 27-16-303, provides in pertinent part as follows:
 (a)(1) Any person whose driver's license or driving privilege as a nonresident has been cancelled, suspended, or revoked as provided in this act and who drives any motor vehicle upon the highways of this state while such license or privilege is cancelled, suspended, or revoked is guilty of a misdemeanor; and
 (2) Upon conviction, an offender shall be punished by imprisonment for not less than two (2) days nor more than six (6) months, and there may be imposed in addition thereto a fine of not more than five hundred dollars ($500).
Upon conviction of driving while a license or privilege has been cancelled, suspended or revoked "as provided in [Act 280 of 1937]" the statute above requires a mandatory minimum two-day jail sentence. The statute above uses the word "shall" which is ordinarily used to indicate the mandatory, as opposed to the permissive. See, e.g., Hattison v.State, 324 Ark. 317, 920 S.W.2d 849 (1996) (when General Assembly uses the word "shall" the effect is mandatory unless an absurdity would result). Cf. also Lovell v. State, 283 Ark. 425, 681 S.W.2d 395 (1984) (court did not have authority to suspend mandatory sentence imposed under Omnibus DWI Act). The statute above states that the sentence shall "not [be] less than two (2) days." In my opinion this provision is mandatory for persons convicted of driving with a license or privilege suspended or revoked pursuant to Act 280.[1]
Question 2 — Does A.C.A. § 27-16-303 apply only to nonresidents?
In my opinion the answer to this question is "no." The statute in this regard states that: "Any person whose driver's license or drivingprivilege as a nonresident has been cancelled, suspended, or revoked . . . and who drives . . . is guilty of a misdemeanor." A.C.A. §27-16-303(a)(1) (emphasis added). In my opinion the use of the term "driver's license" refers to residents who have Arkansas driver's licenses, and the use of the term "driving privilege" refers to nonresidents, who although not having Arkansas driver's licenses, have the privilege of driving in this state. Section 27-16-303 is the codification of Act 280 of 1937. Reference to the original act is helpful in construing the legislative intent. As originally enacted, this provision stated: "Any person whose operator's or chauffeur's license, or driving privilege as a nonresident, has been canceled, suspended or revoked . . . and who drives . . . is guilty of a misdemeanor. . . ." Acts 1937, No. 280, § 37. It is clear that the original intent of this provision was to include both residents who have Arkansas driver's licenses, and nonresidents, who have driving "privileges."
This construction is consistent with two rules of statutory construction. The first provides that a limiting clause is to be restrained to the last antecedent unless the subject matter requires a different construction. See McCoy v. Walker, 317 Ark. 86, 876 S.W.2d 252
(1994); Bell v. Board of Directors Jefferson County Bridge District,109 Ark. 433, 160 S.W. 190 (1913); 82 C.J.S. Statutes § 334; and 2A Sutherland, Statutory Construction, § 47.33 (4th Ed. 1984). Thus, the limiting clause "as a nonresident" modifies only the term "driving privilege," and not the prior antecedent "driver's license." This conclusion is strengthened, in my opinion, by the second relevant rule of statutory construction, that the presence of a comma just prior to the conjunction indicates the modification of the last antecedent only. See
82 C.J.S. Statutes, § 334 and Op. Att'y Gen. 91-099. A comma appears in the original Act 280 of 1937 prior to the conjunction "or" in the relevant language. See Acts 1937, No. 280, § 37.
This construction is also consistent with other portions of Act 280 of 1937, which refer to the driver's licenses of residents, on the one hand, and to the driving "privileges" of nonresidents, on the other.See, e.g., Acts 1937, No. 280, § 26, now codified at A.C.A. § 27-16-908
("[t]he privilege of driving a motor vehicle on the highways of this state given to a nonresident under this act shall be subject to suspension or revocation by the office in like manner and for like cause as a driver's license issued under this act may be suspended or revoked").
In my opinion, therefore, the answer to your second question is "no."[2]
Question 3 — If A.C.A. § 27-16-303 were applied only to nonresidents,would that statute be unconstitutional, i.e., violative of equalprotection or the commerce clause?
In light of the conclusion above, an answer to this question is unnecessary.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Separate penalties may apply to violations of other acts. For example, a separate statute governs the penalty for driving with a license or privilege suspended or revoked pursuant to the Omnibus DWI Act. See A.C.A. § 5-65-105 ("Any person whose privilege to operate a motor vehicle has been suspended or revoked under the provisions of this act, who shall, during the period of such suspension or revocation, operate a motor vehicle in this state, shall be imprisoned for ten (10) days"). See also A.C.A. § 5-65-104(a)(5)(B), as amended by Act 1468 of 1999.
[2] I am aware of the passage of Acts 1999, No. 1018 (effective July 30, 1999), which amends A.C.A. § 27-16-303 to include residents within the ambit of this statute. In my opinion, however, this was the proper construction of A.C.A. § 27-16-303 even prior to the 1999 amendment.